**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES C. STRADER,**

    **Plaintiff,**

    v.                                              **CASE NO. 25-3260-JWL**

**CITY CONFIDENTIAL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff James C. Strader, who is incarcerated at the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas, brings this pro se civil action. When he filed the complaint, Plaintiff neither paid the filing fee for this case nor filed a motion for leave to proceed in forma pauperis. He did, however, file a document labeled as a poverty affidavit that asks the Court to permit him to pay the filing fee in installments of $100 every two weeks. (Doc. 2.) The Court liberally construes this pro se document as a motion, which it must deny. This Court does not set up payment plans of the type Plaintiff requests.

Prisoner plaintiffs who are granted leave to proceed in forma pauperis—meaning without prepayment of the entire filing fee—are required to make payments in installments calculated under 28 U.S.C. § 1915(b)(2). *See Heide v. Kan. Dept. of Corr's*, 2025 WL 2374154, *1 (D. Kan. Aug. 14, 2025) (unpublished) (explaining that the Court is unable to schedule bi-monthly payments of outstanding filing fees owed by a prisoner plaintiff). Under 28 U.S.C. § 1915(g), however, prisoners are generally prohibited from bringing a civil action without prepaying the filing fee in full "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that

it is frivolous, malicious, or fails to state a claim upon which relief may be granted." This is known as the "three-strikes" provision.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

---

[1] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Strader v. Reno County District Court*, Case No. 20-3001-SAC (dismissed for failure to state a claim on March 9, 2020) (Doc. 27) (D. Kan.); *Strader v. Werholtz*, Case No. 19-3102-SAC (dismissed for failure to state a claim on October 4, 2019) (Doc. 61) (D. Kan.), *appeal dismissed*, Case No 19-3242 (appeal dismissed as frivolous) (10th Cir. Dec. 30, 2019).

The Court has examined the complaint and finds no specific, credible showing that Plaintiff is in imminent danger of serious physical injury. Plaintiff's allegations of imminent danger are based on speculation that his life is in danger due to allegations made in a television program. This is not sufficient. *See Akers v. Flannigan*, 2020 WL 6156501, *2 (D. Kan. Oct. 21, 2020) (finding that allegations that "Defendants' 'next tactic'" would subject him to harm were "speculative and unsupported"). Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. Failure to do so within the prescribed time will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 5, 2026,** to submit the $405.00 filing fee. The failure to respond by the deadline will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated December 5, 2025, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.