**FILED**
**U.S. District Court**
**District of Kansas**
02/04/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES C. STRADER,**

**Plaintiff,**

v.                                                      **CASE NO. 25-3260-JWL**

**CITY CONFIDENTIAL, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff James C. Strader, a state prisoner currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas, filed this civil action using the court-required form for complaints brought under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff proceeds pro se and has paid the full filing fee. The Court has conducted the statutorily required review of the complaint and has identified deficiencies, set forth below, which leave it subject to dismissal in its entirety. The Court will grant Plaintiff time to show cause, in writing, why this matter should not be dismissed for failure to state a plausible claim for relief.

### I.    Nature of the Matter before the Court

This case stems from the television show City Confidential's documentary episode on Benjamin Appleby, hereinafter referred to as "the documentary." Plaintiff names as the defendants in this matter City Confidential, the A&E Network, "any known and unknown" networks that showed the documentary, "any known and unknown" individuals who profited from the documentary, and "unknown Kansas officials." (Doc. 1, p. 1, 3-4.) As the factual background for the complaint, Plaintiff alleges that in July 2025, he discovered that the documentary was airing to the public and falsely "alleging that Plaintiff is a child molester" despite Plaintiff neither facing

1

nor ever having been convicted of charges involving a crime against a child. *Id.* at 3. The documentary showed a photograph that was "alleged to be" Plaintiff and the documentary used Plaintiff's name. *Id.* at 4. Plaintiff states that he never approved the documentary and that he "signed a deni[al] of any show while in Richfield Utah Jail. [*sic*]" *Id.* at 5.

In Count I, Plaintiff asserts "Life Endangerment By False Information to the Public." *Id.* As supporting facts for Count I, Plaintiff asserts that "untrue facts" in the documentary has "led people to believe [he] is a sexual predator and child molester." *Id.* at 5. In Count II, Plaintiff brings a claim of slander based on the use of his name in the documentary. *Id.* As supporting facts for Count II, Plaintiff points out that while he was in Richfield, Utah, he signed a denial of authorization for any show to air about his arrest and he never authorized City Confidential to air the documentary. *Id.*

In Count III, Plaintiff asserts "False Information to the Public Played on Prison Channels and Displayed on Lexis Nexis." *Id.* at 6 (all errors in original). As supporting facts for Count III, Plaintiff asserts that he is innocent "with torts going on over actual innocence claim and manifest of injustice." *Id.* (capitalization normalized, all other errors in original). Plaintiff expressly states that he "does not want money" as relief in this case. *Id.* at 7. Rather, Plaintiff seeks to have a documentary created about "his innocence and the torts involved and what he's gone through and the retaliations by officials," as well as whatever other relief this Court deems appropriate. *Id.* (capitalization normalized, all other errors in original).

## II.    Screening Standards

Because Plaintiff is a prisoner and he seeks redress from "unknown Kansas officials," the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks

relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b). During this screening, the Court liberally construes the pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [a] plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d

1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## III.  Discussion

### a.  Under Color of State Law

This matter is subject to dismissal in its entirety because even liberally construing the pro se complaint and taking all factual allegations therein as true, it does not plausibly allege that any Defendant acted under color of state law. *See West*, 487 U.S. at 48-49 (stating "jurisdictional requisite" that a plausible claim for relief under § 1983 "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law"). A defendant acts "under color of state law" when he or she "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citations omitted). Merely private conduct does not satisfy the "under color of state law" element of a plausible § 1983 claim. *See Brentwood Academy v. Tenn. Secondary Athletic Ass'n*, 531 U.S. 288, 294-96 (2001).

Plaintiff alleges that City Confidential was acting under the color of state law because "officers and K.B.I. official[s]" were involved in the documentary. (Doc. 1, p. 1.) But Plaintiff does not further identify these officers or officials or describe their involvement in the documentary. And a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110.

Additionally, the complaint in this matter concedes that the A&E Network was not acting under the color of state law and it does not address whether the remaining "known or unknown" Defendants acted under the color of state law. (Doc. 1, p. 3-4.) Therefore, because he has failed to allege facts that support a plausible conclusion that any Defendant named in this case was acting under the color of state law, Plaintiff has not stated a plausible claim for relief against any

Defendant under 42 U.S.C. § 1983.

**b.  No Federal or Constitutional Violation**

Second, the complaint does not identify a federal or Constitutional right allegedly violated by a named defendant. "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). The Tenth Circuit has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, *what specific legal right the plaintiff believes the defendant violated*." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).

Even liberally construing the pro se complaint, it does not identify a federal right that any Defendant allegedly violated. Rather, it generally asserts that the documentary spread "false information" and constituted slander. (Doc. 1, p. 5-6.) "[A] defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (per curiam) (citing *Morey v. Indep. School Dist.*, 429 F.2d 428 (8th Cir. 1970)) (further citations omitted). Harm to one's reputation does not implicate deprivation of a liberty or property interest under the Constitution. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Therefore, a claim of slander is not cognizable under § 1983. *Cotton v. Simmons*, 23 F. Appx. 994, 2002 WL 93142 (10th Cir. 2002) (unpublished).

Because Plaintiff has failed to allege facts that support a plausible conclusion that a person

deprived him of a federal or Constitutional right, he has failed to state a claim on which relief may be granted under 42 U.S.C. § 1983. Thus, to the extent that Plaintiff seeks relief under 42 U.S.C. § 1983, this matter is subject to dismissal in its entirety.

### c.  Other Legal Bases for Claims

The form complaint contains a section invoking this Court's jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. (Doc. 1, p. 3.)  As discussed above, Plaintiff has not pleaded facts that support a plausible claim under § 1983. Thus, the Court turns to 28 U.S.C. §1343 to determine whether that statute provides a basis for Plaintiff's claims. Section 1343 provides that United States District Courts

> shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

Even liberally construing the pro se complaint now before this Court, Plaintiff has not alleged facts that support the exercise of jurisdiction under 28 U.S.C. § 1343(a)(3).

Finally, Plaintiff has written in the space provided to "assert jurisdiction under different or additional statutes":  "Federal Law Suits and Tort Claim Bivens 28 U.S.C. Laws – 42 [and] 43 – U.S.C. Law[.]" (Doc. 1, p. 3 (all errors in original).) Even liberally construed, this does not identify a legal basis for the claims Plaintiff asserts in the complaint. To the extent that Plaintiff's reference to a "tort claim" reflects his wish to bring tort claims based on the dissemination of false information about him, defamation tort claims are state claims—they neither state a federal cause of action nor rise to the level of a federal constitutional violation. As noted above, this is "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellingburg*, 518 F.2d at 1197; *see also Paul*,

6

424 U.S. at 712.

The State of Kansas recognizes the tort of defamation. *See Marcus v. Swanson*, 317 Kan. 752, 755-56 (2023). But the Court may exercise jurisdiction over state-law-based tort claims only when they are sufficiently related to claims over which this Court has original jurisdiction. *See* 28 U.S.C. § 1367. Because Plaintiff has failed to state a plausible claim in this case over which this Court has original jurisdiction, the Court cannot exercise supplemental jurisdiction over his state-law claim of the tort of defamation.

Plaintiff's reference to *Bivens* also does not help his cause. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), "created a cause of action against federal agents for a violation of the bill of rights" and "held that agents of the Federal Bureau of Narcotics could be liable for damages for an unlawful warrantless arrest and search and for employing unreasonable force in making the arrest. *See Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024) (citation omitted), *rehr'g denied* Apr. 5, 2024. Even setting aside the fact that the Tenth Circuit has referred to *Bivens* as "now all but dead," *see Rowland v. Matevousian*, 121 F.4th 1237, 1241-42 (10th Cir. 2024), Plaintiff does not name any federal agents as Defendants, nor does he plead facts that show the violation of the Bill of Rights. Accordingly, Plaintiff has not stated a plausible claim for relief under *Bivens.*

Finally, Plaintiff's reference to 28 U.S.C. §§ 42 and 43 does not identify a legal basis for his claims to be heard in federal court. Section 42 concerns the allotment of Supreme Court justices as circuit justices. *See* 28 U.S.C. § 42. Section 43 concerns the creation composition of the federal circuit courts of appeals. *See* 28 U.S.C. § 43. Neither of these statutes support Plaintiff's efforts to bring the claims in the complaint.

**IV.    Conclusion**

This action is subject to dismissal in its entirety. Even liberally construed, the pro se complaint does not allege facts that support a plausible claim that any Defendant violated Plaintiff's federal rights, nor does it plausibly assert that any Defendant did so while acting under color of state law. Thus, Plaintiff has not stated a plausible claim for relief under 42 U.S.C. § 1983. Plaintiff's claims of defamation are state law claims which should be pursued in state court. Plaintiff has identified no legal basis under which he may bring the asserted claims in federal court. Thus, the complaint fails to state a plausible claim for relief against a named Defendant. Plaintiff will be granted time in which to show cause, in writing, why this matter should not be dismissed for failure to state a claim on which relief could be granted. If Plaintiff fails to timely respond to this order, this matter will be dismissed for the reasons stated in this order without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **March 6, 2026**, in which to show cause, in a single written document submitted to this Court, why this matter should not be dismissed for failure to state a claim on which relief could be granted.

**IT IS SO ORDERED.**

DATED:  This 4th day of February, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge