**FILED**

**U.S. District Court**
**District of Kansas**

03/17/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JAMES C. STRADER,

        **Plaintiff,**

  v.             **CASE NO. 25-3260-JWL**

CITY CONFIDENTIAL, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

On December 3, 2025, Plaintiff and state prisoner James C. Strader filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He has paid the filing fee in full. The Court conducted the statutorily required review of the complaint and identified deficiencies that left it subject to dismissal in its entirety. Therefore, on February 4, 2026, the Court granted Plaintiff time to show cause why this matter should not be dismissed for failure to state a claim on which relief could be granted. (Doc. 7.) This matter comes  now before the Court on Plaintiff's amended complaint (Doc. 12) filed on March 5, 2026. The Court has screened the amended complaint and finds that it fails to cure the deficiencies the Court identified in the initial complaint and it also fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Therefore, this matter will be dismissed.

### I. Background and Initial Complaint

This case involves the television show City Confidential's documentary episode on Benjamin Appleby, hereinafter referred to as "the documentary." In the initial complaint, Plaintiff named as Defendants City Confidential, the A&E Network, "any known and unknown" networks that showed the documentary, "any known and unknown" individuals who profited from the

documentary, and "unknown Kansas officials." (Doc. 1, p. 1, 3-4.) Plaintiff alleged that in July 2025, he discovered that the documentary was airing to the public and falsely "alleging that Plaintiff is a child molester" despite Plaintiff neither facing nor ever having been convicted of charges involving a crime against a child. *Id.* at 3. The documentary showed a photograph that was "alleged to be" Plaintiff and the documentary used Plaintiff's name. *Id.* at 4. Plaintiff stated that he never approved the documentary and that he "signed a deni[al] of any show while in Richfield Utah Jail. [*sic*]" *Id.* at 5.

In Count I of the initial complaint, Plaintiff asserted "Life Endangerment By False Information to the Public." *Id.* As supporting facts for Count I, Plaintiff asserted that "untrue facts" in the documentary has "led people to believe [he] is a sexual predator and child molester." *Id.* at 5. In Count II, Plaintiff brought a claim of slander based on the use of his name in the documentary. *Id.* As supporting facts for Count II, Plaintiff asserted that while he was in Richfield, Utah, he signed a denial of authorization for any show to air about his arrest and he never authorized City Confidential to air the documentary. *Id.*

In Count III, Plaintiff asserted "False Information to the Public Played on Prison Channels and Displayed on Lexis Nexis." *Id.* at 6 (all errors in original). As supporting facts for Count III, Plaintiff alleged that he is innocent "with torts going on over actual innocence claim and manifest of injustice." *Id.* (capitalization normalized, all other errors in original). Plaintiff expressly stated that he "does not want money" as relief in this case. *Id.* at 7. Rather, Plaintiff sought to have a documentary created about "his innocence and the torts involved and what he's gone through and the retaliations by officials," as well as whatever other relief this Court deems appropriate. *Id.* (capitalization normalized, all other errors in original).

The Court screened the complaint and, on February 4, 2026, issued a memorandum and

2

order to show cause ("MOSC") explaining that the complaint was subject to dismissal in its entirety. (Doc. 7.) The MOSC first explained that even liberally construing the complaint and taking all factual allegations therein as true, it did not plausibly allege that any named Defendant acted under color of state law, which is a jurisdictional requirement for a § 1983 claim. *Id.* at 4-5.

Second, the MOSC held that the complaint did not identify a federal or Constitutional right allegedly violated by a named Defendant. *Id.* at 5. The initial complaint "generally assert[ed] that the documentary spread 'false information' and constituted slander," neither of which implicate constitutional rights. *Id.* at 5-6. The MOSC addressed the other federal statutes Plaintiff identified in the initial complaint as providing a basis for his claims—28 U.S.C. § 1342 and 28 U.S.C. § 1343—and found that neither of them did so. *Id.* at 6-7. The MOSC further explained that to the extent Plaintiff's reference to torts reflects his wish to pursue tort claims in this action, this "Court may exercise jurisdiction over state-law-based tort claims only when they are sufficiently related to claims over which this Court has original jurisdiction. *See* 28 U.S.C. § 1367." (Doc. 7, p. 6-7.) Since Plaintiff had not stated a plausible claim over which the Court has original jurisdiction, the Court cannot exercise supplemental jurisdiction over state-law-based tort claims. *Id.* at 7.

Finally, the MOSC noted that Plaintiff's reference to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), did not provide a basis for relief since he did not name any federal agents as Defendants nor did he plead facts that showed the violation of the bill of rights. (Doc. 7, p. 7.) For all of these reasons, the Court concluded that Plaintiff had failed to state a plausible claim for relief in the initial complaint and it granted him time in which to show cause, in writing, why this case should not be dismissed. *Id.* at 8.

Plaintiff then sought and was granted leave to file an amended complaint. (Docs. 8, 10, and 11.) The amended complaint was filed on March 5, 2026. (Doc. 12.) As noted above, the Court

has now screened the amended complaint.

## II. Screening Standards

The Court is required to screen the amended complaint and to dismiss it or any portion of it that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b). During screening, the Court liberally construes the pro se amended complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the amended complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [a] plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from

4

conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

**III. The Amended Complaint (Doc. 12)**

At different points in the amended complaint, Plaintiff names as Defendants the State of Kansas ("the State"); "unknown officials" of the State; the "Kansas supreme courts [*sic*]"; the "Kansas courts system"; the Kansas Department of Corrections ("KDOC"); Hutchinson Correctional Facility ("HCF"); HCF Warden Dan Schnurr; "[u]nknown and known staff" at HCF; City Confidential; A&E Network; any "unknown network[s]" that aired the documentary; anyone "known or unknown to City Confidential" that profited off of the documentary; Seat King, Inc. ("Seat King"); Seat King employees Rodger Miller and Chelsea S.; and "unknown employees" of Seat King. (Doc. 12, p. 1-4; Doc. 12-1, p. 6.) Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1343(3), 1361, 1364, 1365, and 1367; 42 U.S.C. §§ 1331, 1343, 1983, and 15601; K.S.A. 60-1501 and 60-1507; and "Federal Law Suite and Tort claim *Bivens* – 28. U.S.C. LAWS – 42 [and] 43 – USC Law [*sic*]." (Doc. 12, p. 3-4.)

Two pages of the amended complaint include sections that "[b]riefly state the background of [Plaintiff's] case." *Id.* One of the pages begins by attempting to incorporate by reference "attached typed br[ie]fs on all subjects" and generally asserts injuries caused by KDOC officials, "acts of torts during appeals," and the illegal usage of certain "A.I. systems." *Id.* at 3. The other page focuses on Plaintiff's discovery in July 2025 that the documentary was airing and included allegations about Plaintiff. *Id.* at 4.

As Count I of the amended complaint, Plaintiff alleges "Caldwell violations at trial in acts of tort." *Id.* at 5 (capitalization normalized, all other errors in original). As supporting facts for Count I, Plaintiff asserts the unconstitutional misapplication of K.S.A. 60-455 and the violation of K.S.A. 60-421 and he asserts his innocence of his crimes of conviction. *Id.* In Count II, Plaintiff alleges that his constitutional rights were violated "in acts of [t]ort," resulting in an unfair trial. *Id.* As supporting facts for Count II, Plaintiff alleges:  "Un fit judge and prosecution in acts of torts." *Id.* (capitalization normalized, all other errors in original). In Count III, Plaintiff asserts:  "False information to the public and jury/slander endangerment of life with false information." *Id.* (capitalization normalized, all other errors in original). As supporting facts for Count III, Plaintiff alleges that the documentary aired, that Plaintiff "had nothing to do with" the crimes that were the subject of the documentary, and that Plaintiff is "unjustly incarcerated for crimes he did not commit over officials trying to solve that case." *Id.* at 6 (capitalization normalized, all other errors in original).

In Count IV, like Count III, Plaintiff asserts that his life has been endangered by false information to the public." (Doc. 12-1, p. 4.) Plaintiff states that he did not approve the documentary and that, which he was in Richfield, Utah, he signed a denial "of any show." *Id.* As supporting facts for Count IV, Plaintiff asserts that the documentary contains untrue allegations that have led people to believe that he is a sexual predator and child molester. *Id.* In Count V, Plaintiff asserts slander, based on the use of his name in the documentary. *Id.* As supporting facts for Count V, Plaintiff again points to his allegation that he did not authorize the use of his name in the documentary and that he in fact signed a denial of authorization for any show to air about his arrest. *Id.*

Count VI of the amended complaint asserts:  "False information to the public played on

prison channels and displayed on Lexis Nexis." *Id.* at 5. As supporting facts for Count VI, Plaintiff alleges that he is an "innocent man in prison with torts going on over actual innocence claim and manifest of injustice." *Id.* (capitalization normalized, all other errors in original). At another point, Plaintiff also argues that his convictions are illegal "and a crime of tort in it[s]elf," a state district judge has denied him appellate counsel, the KDOC has not followed court-issued transfer orders, and the State and the KDOC use an Internal Management Policy and Procedure ("IMPP")

> that is generative artificial intelligence that proved [Plaintiff's] innocence that later when he asked for records of caused retaliation[s] and torts and staff altering of events with other A.I. systems these systems were all used without permission and violated human anonomy rights of the human body [a]nd case part of [Plaintiff's] on going life threat injuries.

(Doc. 12-1, p. 7 (capitalization normalized, all other errors in original).)

As relief in this matter, Plaintiff seeks an order vacating his convictions and releasing him from custody, a full pardon, clemency, and money damages. *Id.* He also seeks a settlement with Seat King that includes "[t]he return to work without [turmoil] and the suspension of the inmate leads who lied in act of hate/telling to get [Plaintiff] terminated" or that allows him to "work for electronic[s] the [co-]owned company." (Doc. 12, p. 2.) Plaintiff further expresses a desire to settle his claims against City Confidential, A&E Network, and any other unnamed or unknown network Defendants in exchange for the production of a documentary about his innocence and the "torts [he has] gone through." *Id.*

**IV. Discussion**

First, the Court notes that portions of the amended complaint and certain named Defendants are subject to dismissal for reasons that were set forth in the MOSC and/or previous orders from this Court in other cases. The amended complaint names City Confidential, A&E Network, and other networks that aired the documentary as Defendants without sufficient factual allegations to

show a plausible claim that they acted under color of state law, despite the MOSC's identification of this deficiency in the initial complaint. (*See* Doc. 7, p. 4-5; Doc. 12, p. 2.) Moreover, Counts III, IV, V, and VI are based on claims related to the documentary, but the amended complaint does not allege facts that plausibly show any person *acting under color of state law* violated Plaintiff's constitutional or federal rights with respect to the documentary. Thus, these claims and Defendants will be dismissed with prejudice.

The MOSC explained that the initial complaint did not sufficiently identify a federal or Constitutional right allegedly violated by a named Defendant. (Doc. 7, p. 5-6.) The amended complaint continues to refer to claims of "torts" and defamation and it generally alleges "constitutional Rights violations in acts of Torts [*sic*]," but it does not clearly identify a federal or Constitutional violation underlying each Count. (Doc. 12, p. 5-6; Doc. 12-1, p. 4-5.) Therefore, the deficiency from the initial complaint, as identified in the MOSC, remains.

Additionally, Counts I and II appear to be based on alleged errors in Plaintiff's underlying state-court criminal case or cases[1]. (Doc. 12, p. 5.) To the extent that Plaintiff advances these claims in an effort to obtain an order vacating his convictions and directing his release, such relief is unavailable in an action brought under 42 U.S.C § 1983. The Court has reviewed the other statutes Plaintiff identifies as a basis for jurisdiction and finds that none of them provide a basis for this Court to exercise jurisdiction. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). This Court has previously explained this point to Plaintiff. *See Strader v. Cheeks*, 2022 WL 2274137, *2 (D. Kan. June 23, 2022) (unpublished).

---

[1] It is not clear from the amended complaint which specific conviction or convictions Plaintiff seeks to challenge or the exact nature of the constitutional violation or violations Plaintiff believes occurred.

To the extent that Plaintiff advances Counts I and II in an effort to obtain money damages, such claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court "held that prisoners may not bring a § 1983 action that calls into question the lawfulness of their conviction until the conviction has been invalidated." *Johnson v. Spencer*, 950 F.3d 680, 692 (10th Cir. 2020). Here, a ruling that Plaintiff's constitutional rights were violated in his state-court criminal proceedings would necessarily call into question the lawfulness of the resulting convictions. But there is no indication that any of Plaintiff's convictions have been invalidated. *See Strader v. Werholtz*, 2019 WL 4917899, *1 (D. Kan. Oct. 4, 2019) (unpublished) (citing *Heck* and concluding that Plaintiff had not stated a plausible claim for relief where he "allege[d] that unnamed detectives caused him to be wrongfully convicted" and sought monetary damages but failed to show that "the conviction has been reversed, expunged, declared invalid by a state court, or undermined by a grant of federal habeas corpus relief").

Finally, the Court notes that the amended complaint refers to Defendants and claims that are not clearly tied to any Count. This runs afoul of Rule 8 of the Federal Rules of Civil Procedure.[2] Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8. The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)).

---

[2] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

9

> "[A]ll that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). A Rule 8 pleading is not the proper place for the plaintiff to plead all of the evidence or to fully argue the claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–513, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002).

*Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished). Moreover, "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case." *Id.* at 730.

Plaintiff appears to name Defendants on multiple pages of the amended complaint, leaving the Court uncertain as to the identity of the Defendants in this matter. (*See* Doc. 12, p. 1-4; Doc. 12-1, p. 1, 6.) He has included two copies of the page of the court-approved form that provides space for him to set out the background of this case, with different information on each page. (Doc. 12, p. 3-4.) At various points in the amended complaint, he refers generally to "acts in tort," the misapplication of state law, illegal actions by state judges, the denial of his right to access the courts, due process rights, the denial of counsel, his being abused while in custody, the denial of an opportunity to work, actual innocence, "jurisdictional issues," retaliation, and the use of Plaintiff in "internet commercials and t.v." without his permission and without compensating him. Similarly, at least 3 pages in the amended complaint refer to relief Plaintiff seeks in this case; the relief sought is not identical. (*See* Doc. 12, p. 2; Doc. 12-1, p. 7-8.)

Rule 8 "is designed to force plaintiffs 'to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Baker v. City of Loveland*, 686 F. App'x 691, 620 (10th Cir. 2017) (unpublished) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)).

When a complaint includes a lot of irrelevant information, it may "run afoul of Rule 8." *Baker*, 686 F. App'x at 620 (citing *Mann*, 477 F.3d at 1148). The amended complaint and attachments in this case contain a lot of information without clear connection to this matter, including what appear to be notes regarding the 2003 application of Kansas state statutes (Doc. 12-1, p. 1); a poem written by Plaintiff, *id.* at 2; copies of filings made in or directed to Kansas state courts, *id.* at 9-15; and copies of filings in Missouri state court proceedings, *id.* at 20-21. Even liberally construed, the amended complaint would not give opposing parties fair notice of the basis of the claim or claims against them.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). The Court has the discretion to allow Plaintiff the opportunity to file a second amended complaint that complies with Rule 8 but because Plaintiff has continued to assert deficient claims in the amended complaint despite having been advised of the deficiencies, the Court declines to allow further amendment.

## IV. Conclusion

The Court has carefully reviewed the amended complaint, liberally construing it and taking all well-pleaded facts alleged therein as true. Even doing so, the Court finds that the amended complaint fails to cure the deficiencies in the initial complaint that were identified in the MOSC. Counts III, IV, V, and VI will be dismissed with prejudice because Plaintiff has failed to state a plausible claim on which relief could be granted—he has failed to show that any Defendant implicated in these Counts acted under color of state law. Counts I and II and any other claims

Plaintiff intended to bring in the amended complaint will be dismissed without prejudice for failure to comply with Rule 8.

**IT IS THEREFORE ORDERED** that Counts III, IV, V, and VI of the amended complaint are dismissed with prejudice for failure to state a claim on which relief could be granted. The remainder of the amended complaint is dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. This case is closed.

**IT IS SO ORDERED.**

DATED:  This 17th day of March, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge