**FILED**
**U.S. District Court**
**District of Kansas**
04/01/2026

**Clerk, U.S. District Court**
**By:__JAL__Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES C. STRADER,**

> **Plaintiff,**

> v.

**CITY CONFIDENTIAL, et al.,**

> **Defendants.**

**CASE NO.  25-3260-JWL**

## MEMORANDUM AND ORDER

Plaintiff and state prisoner James C. Strader, a Kansas prisoner currently incarcerated at Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas, brought this civil rights action under 42 U.S.C. § 1983 in December 2025. (Doc. 1.) He timely paid the filing fee. The Court screened the complaint as required by 28 U.S.C. § 1915A(a) and (b) and, on February 4, 2026, issued a memorandum and order ("M&O") directing Plaintiff to show cause why the complaint should not be dismissed for failure to state a claim on which relief could be granted. (Doc. 7.) On March 2, 2026, the Court received a response from Plaintiff that referred to an order "the court had sent on the date of February[]16[, ]2026." (Doc. 11, p. 1.) Although not easy to understand, the response asked for "60 days leave to locate the amendment and to amend suit[]," so the Court liberally construed it as a motion to amend the complaint and, on March 3, 2026, issued an  order granting Plaintiff time in which to file an amended complaint that states a plausible claim for relief against a named defendant. (*See* Doc. 11.)

The following day, however, the Court received from Plaintiff a motion to amend the complaint; attached to the motion were a proposed amended complaint and attachments. (Doc. 10.) Therefore, the Court vacated its March 3, 2026 order; granted the March 4, 2026 motion to

amend; and screened the amended complaint. (Doc. 11.) On March 17, 2026, the Court issued an order dismissing this matter because the amended complaint failed to state a claim on which relief could be granted and included claims and defendants the Court identified as improper in the February 4, 2026 M&O. (Doc. 13.)  Judgment was entered the same day. (Doc. 14.)

Plaintiff filed a notice of appeal (Doc. 15) and a motion for reconsideration (Doc. 16). The Tenth Circuit docketed the appeal and then abated it so that this Court may rule on the motion for reconsideration. (Doc. 19.) Although Plaintiff does not identify the legal authority under which he asks this Court to reconsider its dismissal of this case, the motion is liberally construed as being brought under Federal Rule of Civil Procedure 59(e). The Court may grant a motion to alter or amend a judgment under Rule 59(e) only if the moving party establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000); *see also* D. Kan. Rule 7.3 (setting forth similar standards for motion to reconsider).

Liberally construed, the motion for reconsideration explains that Plaintiff gave HCF staff a motion to amend on February 6, 2026. (Doc. 16, p. 1.) This timing means that Plaintiff drafted the motion to amend and the attached proposed amended complaint without knowledge of the deficiencies identified in the Court's February 4, 2026 order. When Plaintiff learned of the February 4, 2026 order, he filed the response that sought additional time in which to amend the complaint—this is the response that the Court liberally construed as a motion to amend and granted on March 3, 2026. (*See* Docs. 8 and 9.)

In part, the Court liberally construed the response in this manner because it was unaware of and had not yet received the motion to amend Plaintiff gave to HCF staff for e-filing on February

6, 2026. Plaintiff advises in the motion to reconsider that rather than promptly e-filing the motion to amend, "Unit Team Hornback held it in his desk" until March 4, 2026 and only filed it after another individual "had him look through his desk." (Doc. 16, p. 1.) Thus, although the Court understood the motion to amend to be in response to the M&O identifying deficiencies in the initial complaint, that was not accurate.

The Court's understanding and construction of Plaintiff's pro se submissions in this case was based, in part, on the order in which they were submitted to the Court and the timing of Plaintiff's motions in relation to the Court's orders. The information in the motion for reconsideration reveals that, through no fault of Plaintiff, there was a significant delay in the submission to this Court of the motion to amend the complaint. Moreover, it appears that the Court misunderstood the purpose of at least some of Plaintiff's pro se submissions, a misunderstanding that contributed to this Court's decision to dismiss this case. In light of this information, the Court agrees with Plaintiff that this matter should be reopened and the Court will grant the motion for reconsideration. *See* Fed. R. Civ. P. 59(e); D. Kan. Rule 7.3(3).

The Court therefore will direct the Clerk to reopen this matter and to vacate the memorandum and order of dismissal (Doc. 13) and the judgment (Doc. 14). The Court also will direct the Clerk to mail Plaintiff the form on which he should file his second amended complaint. Plaintiff will be granted time in which to file a second amended complaint. The second amended complaint will become the controlling pleading in this case, replacing the initial complaint and the amended complaint. Once the second amended complaint is received and filed, the Court will conduct the statutorily required screening and will issue further orders as necessary. If Plaintiff fails to timely file a second amended complaint, this case will proceed on the currently controlling

amended complaint (Doc. 12) and may be dismissed for failure to state a plausible claim for relief without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for reconsideration (**Doc. 16**) is **granted.** The Clerk shall **vacate** the memorandum and order dismissing this case (**Doc. 13**) and the judgment (**Doc. 14**). Plaintiff is granted until and including **May 21, 2026** to file a second amended complaint on the required, court-approved form that will become the controlling pleading in this case. The Clerk shall mail Plaintiff the appropriate form for filing a second amended complaint. If Plaintiff timely files a second amended complaint, the Court will screen it and issue further orders as necessary. The Clerk shall transmit a copy of this order to the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

**Dated April 1, 2026, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

4