**FILED**
**U.S. District Court**
**District of Kansas**
05/04/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JAMES C. STRADER,

    **Plaintiff,**

    v.                                    **CASE NO.  25-3260-JWL**

CITY CONFIDENTIAL, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and state prisoner James C. Strader, a Kansas prisoner currently incarcerated at Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas, brought this civil rights action under 42 U.S.C. § 1983 in December 2025. (Doc. 1.) He proceeds pro se and has paid the filing fee. Plaintiff's second amended complaint is due on or before May 21, 2026. (Doc. 20.) This matter comes now before the Court on Plaintiff's motion April 17, 2026, which contains multiple requests. (Doc. 22.) The Court will address each in turn.

First, Plaintiff purports to invoke his right to have a magistrate judge assigned to this case. *Id.* at 1. Relatedly, Plaintiff later in the motion states that he "is also invoking his right to . . . involve [a] magistrate judge panel at this time." *Id.* at 2. Plaintiff cites no legal authority that provides him with these asserted rights.

Local Rule 72.1.1(f) provides:

> A magistrate judge may issue any preliminary orders and conduct any necessary evidentiary hearing or other appropriate proceeding, and submit to a judge a report containing proposed findings of fact and recommendations for the disposition of petitions filed by prisoners pursuant to 42 U.S.C. § 1983 . . . . When specifically designated by a judge of the court and upon the consent of the parties, a magistrate judge may conduct any or all proceedings in such cases, including the conduct of a jury or nonjury trial, and may order the entry of a final judgment, in accordance with 28 U.S.C. § 636(c).

1

This language clearly reflects that a magistrate judge *may* issue certain orders and conduct proceedings in this case, but it does not reflect that a plaintiff has the right to demand that a magistrate judge participate. Similarly, Local Rule 72.1.2 addresses the assignment of matters to magistrate judges and identifies proceedings for which cases "will" be assigned to a magistrate judge, but nothing in Local Rule 72.1.2 provides Plaintiff with the right to have a magistrate judge assigned to this case. Finally, as provided in section II(A)(3)(b)(iii) of the Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas: "Prisoner cases will initially be assigned to the judge designated by the court to screen prisoner matters. Once the screening process has been completed, both a district and magistrate judge (if appropriate) will be randomly assigned to the matter."

This case remains in the screening phase of proceedings; the Court has granted Plaintiff time to file a second amended complaint. If this case survives screening, it will be randomly reassigned to a district judge and, if appropriate, a magistrate judge. At this time, however, the request for a magistrate judge is denied.

Next, Plaintiff asks the Court to send him copies of the "Court Rules and Law[]s of the Court, and Fed. [*sic*]" (Doc. 22, p. 2.) The Court liberally construes this as a request to provide Plaintiff with the Local Rules and the Federal Rules of Civil Procedure, which will be denied. When this case began, the Court mailed to Plaintiff a document titled "Case Opening Notice to Prisoner Pro Se Litigants Filing Civil Right Complaints.' The final page of that document contains section 14, which states, in part: "The Clerk will not do the following . . . provide a copy of the Federal Rules of Civil Procedure or the Court's Local Rules." To the extent that Plaintiff asks the Court to provide him, at no cost, a copy of the Local Rules and/or the Federal Rules of Civil

Procedure, the request is denied. Links to electronically access[1] these resources are available, however, through the Court's website.

Finally, Plaintiff asserts that he "is also invoking his right to [a] Grand Jury and a Jury Panel for decision[]s throughout this whole case and proceeding . . . ." (Doc. 22, p. 2.) Again, Plaintiff identifies no legal authority that provides these rights. This failure notwithstanding, the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(a) provide him the right to a trial by jury. *See* Fed. R. Civ. P. 38(a)( "The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."); *see also Dolence v. Flynn*, 628 F.2d 1280, 1282 (10th Cir. 1980) (discussing the right to trial by jury in § 1983 actions).

Rule 38(b) explains how "a party may demand a jury trial." Fed. R. Civ. P. 38(b). Because the motion now before the Court could be liberally construed as a demand for a jury trial, the Court will instruct the clerk to update the docket to reflect Plaintiff's jury trial demand. To be clear, however, this will not entitle Plaintiff to have a jury panel make "decisions throughout this whole case"; it will merely preserve Plaintiff's demand for a *trial* by jury. Plaintiff does not specify what other "decisions" in this case he believes he has the right to demand a jury decide. Thus, to the extent that Plaintiff seeks a jury to play a role in this case outside of any trial that may occur, the request is denied.

Similarly, Plaintiff's demand for a grand jury is denied. Even liberally construed, it is not clear what role Plaintiff envisions a grand jury playing in this case. To the extent that Plaintiff

---

[1] The motion now before the Court asserts that "a block" has been installed on prison law library computers "so they can control what you see." (Doc. 22, p. 2.) The motion stops short, however, of asserting that Plaintiff has been prevented from accessing the Rules he now seeks from this Court. If Plaintiff wishes to base his request for a hard copy of the Local or Federal Rules on a claim that he is being prevented from accessing necessary legal resources, he must provide the Court with additional information about his attempts to do so.

seeks a grand jury in order to pursue criminal charges against a defendant, "§ 1983 does not allow [an individual] to pursue [remedies for] a violation of federal criminal law." *See Lynch v. Bulman*, 2007 WL 2993612, at *2 (10th Cir. 2007) (unpublished order and judgment) (citing *Newcomb v. Ingle*, 827 F.2d 675, 676 (10th Cir. 1987); *Clements v. Chapman*, 189 Fed. Appx. 688, 692 (10th Cir. 2006) (unpublished); and *Henry v. Albuquerque Police Dept.*, 49 Fed. Appx. 272, 273 (10th Cir. 2002) (unpublished)).

**IT IS THEREFORE ORDERED BY THE COURT** that the motion (**Doc. 22**) is **denied** for the reasons set forth in this order. Because the motion could be liberally construed to include a jury trial demand, however, the clerk is directed to update the docket to reflect Plaintiff's demand for a jury trial. Plaintiff's second amended complaint remains due on May 21, 2026.

**IT IS SO ORDERED**.

**Dated May 4, 2026, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

4