**FILED**
**U.S. District Court**
**District of Kansas**
05/29/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JAMES C. STRADER,

      **Plaintiff,**

      v.                              **CASE NO.  25-3260-JWL**

CITY CONFIDENTIAL, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff James C. Strader, a Kansas prisoner currently incarcerated at Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas, brought this civil rights action under 42 U.S.C. § 1983 in December 2025. (Doc. 1.) In March 2026, the Court dismissed this case for failure to state a claim. Shortly thereafter, Plaintiff appealed the dismissal to the Tenth Circuit Court of Appeals and also filed in this Court a motion for reconsideration of the dismissal. (Docs. 15 and 16.) After the Tenth Circuit abated the appeal so this Court could rule on the motion to reconsider, the Court vacated the dismissal and judgment because Plaintiff's motion for reconsideration corrected the Court's understanding of certain facts related to the dismissal. (*See* Docs. 19 and 20.) In the order vacating the dismissal, the Court granted Plaintiff until and including May 21, 2026 to file a second amended complaint. *Id.* at 4. The Tenth Circuit dismissed Plaintiff's appeal on April 29, 2026, transferring jurisdiction over this case back to this Court. (Doc. 23.)

Meanwhile, on April 17, 2026, Plaintiff filed a motion that purported to invoke his rights to a grand jury, a jury panel, and the involvement of a United States Magistrate Judge in this case; the motion also asked the Court to send him copies of court rules and other legal authority. (Doc. 22.) According to the motion, on April 8, 2026, Plaintiff received the order reopening this case

1

and directing him to file a second amended complaint. *Id.* at 1. On May 4, 2026, the Court denied the motion but directed the clerk to update the docket to reflect Plaintiff's apparent demand for a jury trial. (Doc. 24.) The May 4, 2026 order also reminded Plaintiff that his second amended complaint was due on May 21, 2026. *Id.*

May 21, 2026 passed and the Court did not receive a second amended complaint from Plaintiff. However, on May 27, 2026, the Court received from Plaintiff a motion that seeks to add a defendant, "Mrs. Haylee Ross (Koob) [*sic*]" to this case. (Doc. 25.) Liberally construed, the motion explains that on May 5, 2026, Plaintiff gave Mrs. Ross a motion to e-file that contained "a rough draft" of an amended complaint. *Id.* at 1-2. Mrs. Ross told Plaintiff that she e-filed this motion on May 15, 2026. *Id.* at 2. Plaintiff asserts that HCF staff "have been giving his personal mail to other inmates and this may be going on with legal mail also." *Id.* Plaintiff asks the Court to issue a preliminary injunction directing Defendants "to stop tort[]s and [harassment] and not allowing him to work." *Id.*

This is not the first time that Plaintiff claims to have experienced irregularities with HCF staff e-filing documents in this case. This earlier dismissal of this case occurred, in part, because a document Plaintiff gave HCF staff for e-filing in this case on February 6, 2026 was not e-filed until March 4, 2026. (*See* Doc. 20, p. 2-3.) The Court's internal investigation reflects that it did not receive any documents from HCF staff for e-filing in this case between May 1, 2026 and May 27, 2026, when the motion now before the Court was filed. Thus, if HCF staff submitted a document for e-filing on May 15, 2026, the Court did not receive it. The Court is troubled by these occurrences and appreciates Plaintiff's prompt communication to the Court regarding the situation. In light of the information contained in Plaintiff's motion, this case will proceed as follows.

Plaintiff's motion (Doc. 25) will be denied. To the extent that Plaintiff wishes to add parties, claims, or significant actual allegations, he must file a complete and proper second amended complaint. *See* Fed. R. Civ. P. 15. Moreover, for the reasons already explained to Plaintiff, he must file a second amended complaint because neither the initial complaint nor the amended complaint state a plausible claim for relief. Plaintiff may name in his second amended complaint all Defendants he wishes to sue in this action. Plaintiff should keep in mind, however, that he must follow the Rules of Civil Procedure governing joinder. The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

Rule 20(a)(2) governs permissive joinder of defendants and provides:

> Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words,

under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*, 424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

Additionally, to the extent that the motion currently before the Court seeks a preliminary injunction, it will be denied. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). One requirement for a preliminary injunction is that the moving party must "establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (citation omitted). Even liberally construing the allegations in Plaintiff's motion, he has not shown a relationship between the injury claimed in his motion—the delay in e-filing and interference with his legal work—and the conduct asserted in the complaint—the creation and airing of a televised

4

documentary that Plaintiff alleges has injured him. Thus, Plaintiff has not made the showing required to obtain preliminary injunctive relief.

The Court will, however, extend the time for Plaintiff to file a complete and proper second amended complaint. Since the May 27, 2026 motion seems to have been e-filed promptly after Plaintiff submitted it to HCF staff, the Court is optimistic that any e-filing issues have been resolved. (*See* Doc. 25, p. 1 (stating the motion was written on May 27, 2026, the same day it was e-filed).)  If Plaintiff continues to experience delays or other problems with e-filing documents, however, he should so advise the Court and the Court will take further steps as necessary. In addition, to ensure that Plaintiff is fully aware of the documents that have been filed in this case, the Court will direct the clerk to send Plaintiff a current copy of the docket, as well as additional forms on which to file his second amended complaint..

**IT IS THEREFORE ORDERED BY THE COURT** that the motion (**Doc. 25**) is **denied** for the reasons set forth in this order.

**IT IS FURTHER ORDERED** that Plaintiff is granted until and including **June 30, 2026** to file a second amended complaint. The clerk is directed to provide Plaintiff with a current copy of the docket for this case and the appropriate forms for filing a second amended complaint. If Plaintiff fails to file a second amended complaint on or before the deadline set in this order, this case may be dismissed for failure to state a plausible claim without further prior notice to Plaintiff.

**IT IS SO ORDERED**.

**Dated May 29, 2026, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

5