**FILED**
**U.S. District Court**
**District of Kansas**
06/22/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JAMES C. STRADER,

        **Plaintiff,**

    v.                                  **CASE NO. 25-3260-JWL**

CITY CONFIDENTIAL, et al.,

        **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff James C. Strader, a Kansas prisoner currently incarcerated at Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas, filed this pro se civil action in December 2025. (Doc. 1.) The procedural history of this case has been set forth in earlier orders and will not be detailed here. (*See* Doc. 20, p. 1-4; Doc. 26, p. 1-2.) It is sufficient to note that on May 29, 2026, the Court issued a memorandum and order ("M&O") granting Plaintiff time to file a second amended complaint that states a plausible claim for relief. (Doc. 26, p. 3-5.)

This matter comes now before the Court on Plaintiff's motion for summary judgment, preliminary injunction, and temporary restraining order (Doc. 28); "Motion for Temporary A.D.A. Assistance Motion for Leave – 60 Days and Ma[]gistrate and Jury Decisions and Move for Summary Judg[ment]" (Doc. 29); second amended complaint (Doc. 30); motion for "Emergency Preliminary Injunctions" (Doc. 31); motion for leave to amend the second amended complaint (Doc. 32); and motion that seeks to further amend the second amended complaint and for injunctive relief (Doc. 33). For the reasons stated below, the Court will deny the motions and will allow Plaintiff one final opportunity to file a complaint in this matter that states a plausible claim upon which relief could be granted.

1

### I. The Filing of Plaintiff's Submissions

Before addressing the screening of the second amended complaint and the motions now before it, the Court will clarify the manner in which some of the documents were filed. On June 4, 2026, the Court received for e-filing in this case multiple documents, some of which appeared to be missing pages. At the Court's direction, the clerk filed these documents as received. The Court later received complete versions of those filings, which were added to the existing docket entries. For example, the Court initially received 2 pages of a motion with 7 pages of attached exhibits, which were filed at Doc. 28 and Doc. 28-1, respectively. The Court later received the complete version of the motion and exhibits, which totaled 98 pages and were filed at Doc. 28-2 and Doc. 28-3. Similarly, a letter to the Court and attachment to the letter initially consisted of only 2 pages and was filed at Doc. 27 and Doc. 27-1, but when the complete 4-page letter and attachment were submitted, they were filed at Doc. 27-2.

The Court includes this section only to clarify the unconventional filing practices in this case. Although the Court will rule in this order, for example, on the "Motion for Summary Judgment, Preliminary Injunction, and Temporary Restraining Order (Doc. 28)," Plaintiff is assured that the Court has carefully considered everything that was filed, including the filings at Docs. 28-1, 28-2, and 28-3.

### II. The Screening of the Second Amended Complaint (Doc. 30)

On June 4, 2026, Plaintiff filed a second amended complaint, as directed in the Court's May 29, 2026 M&O. (Doc. 30.) A week later, he filed a motion along with an attachment that was titled "Final Draft for Judge[']s order for June-30-2026." (*See* Docs. 32 and 32-1.) June 30, 2026, is the deadline the Court initially set for Plaintiff to file his second amended complaint. (*See* Doc. 26.) But by the time Plaintiff filed this "final draft," which this Court will refer to as the "final

second amended complaint," he had already filed a second amended complaint (Doc. 30) and he neither sought nor received leave to file a further amended pleading, as required by Rule 15 of the Federal Rules of Civil Procedure.

As explained below, when the Court screened the second amended complaint (Doc. 30), it concluded that it is subject to dismissal in its entirety. Therefore, the Court, in its discretion, also screened the final second amended complaint (Doc. 32-1). Accordingly, both the second amended complaint and the final second amended complaint are discussed in this order. Plaintiff is hereby cautioned, however, that even as a pro se litigant, he must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel). Future attempts to amend the operative pleading in this matter that do not comply with the relevant rules will be summarily denied.

### A.  Screening Standards

During this initial screening phase, the Court liberally construes the pro se second amended complaint and applies "less stringent standards than [it applies to] formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the second amended complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

3

(citations omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

### B.  The Second Amended Complaint (Doc. 30)

The second amended complaint contains multiple lists of defendants; some individuals and entities are named in more than one list and it is not clear whether Plaintiff wishes to name every individual or entity mentioned in any list as defendants or whether one list should control. (Doc. 30, p. 1-4, 10-11.) When all of the lists are considered together, Plaintiff names the following as Defendants in the second amended complaint: HCF Warden Daniel Schnurr; known and unknown HCF staff; the Kansas Supreme Court; the Kansas court system as a whole; the Kansas Department of Corrections ("KDOC") and the Secretary of the KDOC, Jeff Zmuda; all state prosecutors and state officials involved in "case numbers 03-CR-173 and 03-CR-389"; prosecutor Keith Schroeder; the estate of Judge Richard S. Rome; the television show City Confidential, which created a

documentary episode about the murder of Ally Kemp that included comments about and a picture of Plaintiff; the A&E Network and any other network that aired the episode; any entity or individual that profited off of the episode; Seat King, Inc. and its employees Rodger Miller, Chelsea Grub, and an unnamed employee who refused to review video footage from January 2026; and Aramark and its employees Alice Miller and Vickie Caldwell. *Id.*

The claims Plaintiff asserts in the second amended complaint are equally confusing. In the portion of the form for briefly stating the background of the case, Plaintiff writes:

> Act's of tort's during appeals[.] Refusing to file Plaintiff's appeals in house and out of house state remedies - - Refusing to transport to court even court order. Refusing to appoint defense unlawfull terminations from jobs that pay out h[ou]rly wages and earnings to create indigents so cant obtain counsel or file in court/putting a price on appeals[.]

(Doc. 30, p. 4 (all errors in original).)

The second amended complaint includes nine claims, identified as Counts 1, 2, 4, 5, 6, 7, 8, 9, and 10—even liberally construing the second amended complaint, the Court cannot locate a Count 3. *Id.* at 5-8, 12-13. In Count 1, Plaintiff broadly asserts the violation of his rights under the First through Fourteenth Amendments to the United States Constitution. (Doc. 30, p. 5.) The only rights he specifically references are his due process rights. *Id.* As supporting facts for Count I, Plaintiff states: "Caldwell violation's – with holding of Evidence of Innocence and another suspect on trial - - A Documented UnFit Judge Richard J. Rome (2014 Deceased) violations of constitutional rights 1st thru 14th Amend." *Id.* (all errors in original). Although factual allegations in support of this Count—or others—may be located somewhere in the exhibits attached to the second amended complaint, they are not clearly labeled and "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case." *Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 730 (10th Cir. Sept. 1, 2006) (unpublished).

Count 2 generally alleges a "beating" and deliberate indifference to Plaintiff's medical needs, referring specifically to a surgery in June 2023 and generally to "ongoing medical issues caused at the hands and act of officials." *Id.* As noted above, the Court could not locate a claim identified as Count 3 in the second amended complaint. Count 4 alleges that Plaintiff's convictions were obtained in violation of the First through Tenth Amendments and that he was deprived of a liberty interest in violation of the Fourteenth Amendment. *Id.* at 6. The supporting facts for Count 4 are: "Section A under 1983 and Section C[.] Violation's Eighth Amend – Human need AND Due process Rights and screening Process clerk violating and [illegible] Due process rights." *Id.* (all errors in original).

The remaining counts, as pled in the second complaint, are similarly devoid of specific allegations and, at times, incomprehensible. Count 5 alleges violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights and equal protection rights based on "medical records and court records [and] mental health records. *Id.* Count 6 alleges "constitutional torts," including deliberate indifference to medical needs, occurred to cover up beatings and unlawful confinement based on court records, medical records, KDOC records, and "state employee records." *Id.* at 7.

Count 7 asserts:  "Caldwell violations at Trial In acts of Tort with Disciplinary Reports that are Frivolous." *Id.* at 12. As supporting facts for Count 7, Plaintiff alleges the "mis[use] of K.S.A. 60[-]455 Now Ruled unconstitutional that violated K.S.A. 60-421 criminal section[.] See attached typed br[ief]s unjustly convicted a Innocent Man." *Id.* (all errors in original). Count 8 broadly asserts that Plaintiff's trial was unfair and unconstitutional due to an unfit judge and "tortious" prosecution. *Id.* at 8, 12. Count 9 asserts that City Confidential committed slander and endangered his life by naming him in an episode on crimes with which Plaintiff was not involved. *Id.* at 8, 13.

Count 10 asserts violations of privacy and the attorney-client privilege based on the

opening and copying legal mail at unspecified times by unspecified individuals. *Id.* As relief, Plaintiff seeks his release from prison, an order vacating his convictions and dismissing all state convictions with prejudice, the removal of the City Confidential documentary, and the production and airing of a documentary about Plaintiff's innocence. *Id.* at 9.

## C. Analysis

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (citation omitted).

> "[A]ll that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). A Rule 8 pleading is not the proper place for the plaintiff to plead all of the evidence or to fully argue the claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–513, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002).

*Chavez*, 195 F. App'x at 729-30.

Even liberally construing the pro se second amended complaint, the Court cannot determine the defendants Plaintiff intends to name, the factual—and in some cases, the legal—basis of the claims Plaintiff wishes to bring, or which claims are intended to be brought against each specific defendant. Thus, the Court cannot conclude that if the allegations in the second

7

amended complaint are proven to be true, Plaintiff has a legal right to relief and opposing parties could not determine from the second amended complaint the basis of the claim or claims against them.  In other words, the second amended complaint (Doc. 30) fails to comply with Rule 8.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez*, 195 Fed. Appx. at 730 (affirming dismissal without prejudice for violation of Rule 8). Rather than immediately impose such a harsh consequence, the Court turned to the final second amended complaint to see if it complies with Rule 8.

### D.  The Final Second Amended Complaint (Doc. 32-1)

The final second amended complaint appears to name all defendants named in the second amended complaint. (Doc. 32-1, p. 1-4, 12-13.) In addition, it includes the following Defendants: the State of Kansas, the Kansas Attorney General, the State of Missouri, all individuals employed at HCF from 2018 through 2026, all individuals employed by the KDOC from 2002 through 2026, "the Kansas Supreme Courts 2003 thr[bough] 2026," additional people involved in his state criminal cases in 2003, and the Sheriff's Department of Benton County, Missouri. (Doc. 32-1, p. 1-4, 12-13.) Similarly, the claims are substantively the same as those in the second amended complaint. The last nine pages of the final second amended complaint are duplicates of two motions already pending before this Court. *Compare* (Doc. 32-1, p. 42-50) *with* (Doc. 28-2, p. 1-4 and Doc. 29, p. 1-3). Even liberally construed, the final second amended complaint fails to comply with Rule 8 for the same reasons as the second amended complaint.

### E.  Conclusion

Neither the second amended complaint nor the final second amended complaint gives fair notice of the claims Plaintiff brings in this case or the defendants against whom those claims are

8

brought. The Court cannot determine with certainty the nature of Plaintiff's claims, what individuals and entities Plaintiff wishes to name as Defendants in this matter, which claims are directed at which Defendants, or the specific facts on which each claim is based. Therefore, both the second amended complaint and the final second amended complaint violate Rule 8, leaving this case subject to dismissal in its entirety. The Court will grant Plaintiff one final opportunity to file a complaint that complies with Rule 8 and states a plausible claim on which relief could be granted against a named Defendant. If Plaintiff fails to do so, this case will be dismissed without prejudice for failure to comply with Rule 8.

### III.    Guidelines for the Third Amended Complaint

If Plaintiff chooses to prepare and file a third amended complaint in this case, he should keep the following in mind. A third amended complaint will not supplement previous complaints filed in this case. The third amended complaint will completely replace all previous complaints. *See Tufaro v. Okla. Ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("'[A]n amended complaint supersedes a prior complaint "and renders it of no legal effect."' [Citation omitted.]"). Any claims, factual allegations, or defendants not in the third amended complaint will no longer be before the Court. To be clear, Plaintiff may not simply refer to an earlier complaint filed in this case; the third amended complaint must state all claims that Plaintiff intends to pursue in this action, including those to be retained from a previously filed complaint.

Plaintiff must write the number of this case (25-3260) at the top of the first page of his third amended complaint. He must name each defendant in the caption and again refer to each defendant in the body of the third amended complaint. In each count of the third amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated. He must allege sufficient facts to show that each defendant personally participated in at least one of the

9

federal constitutional violations alleged in the third amended complaint, including dates, locations, and circumstances.

Plaintiff also must comply with the Federal Rules of Civil Procedure that govern joinder of claims and parties in a single action. *See* Fed. R. Civ. P. 18 and 20. Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]niellated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*, 424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (rejecting argument that amended complaint combining separate and unrelated claims, many arising out of different alleged incidents against multiple defendants, were related because they all alleged constitutional violations relating to an overarching allegation of retaliation by prison officials).

10

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants in his third amended complaint unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

Plaintiff must ensure that the claims brought in his third amended complaint are appropriate for this civil action. Some of the Counts in the second amended complaint and the final second amended complaint appear to challenge the legality of Plaintiff's state-court criminal convictions. As this Court has previously explained to Plaintiff:

> Claims alleging defects in the proceedings leading to his convictions or the sentences that were imposed upon him must be brought under 28 U.S.C. § 2254, but because [Plaintiff] has already unsuccessfully sought § 2254 relief from the convictions in Johnson and Reno Counties, he must obtain authorization from the Tenth Circuit before filing a § 2254 petition in this court that challenges his Johnson or Reno County Convictions.

*Strader v. Snyder*, 2024 WL 3443476, *3 (D. Kan. July 17, 2024) (unpublished) (citations omitted).

Any claims in the third amended complaint that seek to challenge the constitutionality of Plaintiff's state-court criminal convictions from Johnson County or Reno County, Kansas will be summarily dismissed. Similarly, Plaintiff is well aware that he may not obtain release through a civil rights action such as this. *See, e.g.*, *Strader v. Butler & Assoc., P.A.*, 2020 WL 1138519, *2 (D. Kan. Mar. 9, 2020) ("When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983 . . . ."). Any requests for release in the third amended complaint will be summarily dismissed.

11

Plaintiff may attach additional pages to the required form complaint if necessary, but he should ensure that the pages are clearly titled to indicate which portions of the third amended complaint they are intended to supplement. Relatedly, Plaintiff may file only one third amended complaint. Before submitting the third amended complaint for filing, Plaintiff must ensure that it is in the final form he wishes the Court to receive. The Court is not inclined to allow any further amendment once the third amended complaint is filed. Once Plaintiff submits his third amended complaint, if he chooses to do so, he should not file anything further in this case until the Court has screened the third amended complaint and issued further orders.

## IV.    Pending Motions (Docs. 28, 29, 31, 32, and 33)

Also before the Court are five motions Plaintiff has filed. Generally speaking, the motions seek similar types of relief and, at times, Plaintiff asks for the same relief in multiple motions. For the sake of efficiency, the Court will address the motions collectively, but Plaintiff is assured that the Court carefully considered each request before deciding how to rule.

First, Plaintiff repeatedly asks the Court to grant summary judgment in his favor. (Doc.28-2, p. 1, 4; Doc. 29, p. 2; Doc. 32, p. 2.) These requests will be denied as premature. This case has not yet passed screening, no defendant has been served, and for the reasons explained above, the currently controlling second amended complaint is subject to dismissal in its entirety.

Plaintiff also asks the Court to issue more than 10 separate preliminary injunctions and temporary restraining orders. (Doc. 28-2, p. 1-4; Doc. 31, 1-4; Doc. 32, p. 2; Doc. 33, p. 1-2.) A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

12

> "When seeking a preliminary injunction, 'the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.' In addition, the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.' A mandatory preliminary injunction--one which requires the nonmoving party to take affirmative action--is 'an extraordinary remedy' and is generally disfavored. Before a court may grant such relief, the movant must 'make a heightened showing of the [] factors.'"

*Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal citations omitted).

All of Plaintiff's current requests for preliminary injunctive relief will be denied because he has not made the showings set out above. Instead, Plaintiff simply identifies a problem he is facing and asks the Court to issue an order he believes will correct the problem. For example, in one of his motions, Plaintiff explains that his requests for a notary over the previous week were denied, frustrating his efforts to seek relief from the governor of Kansas and "the Joint Committee." (Doc. 31, p. 1-2.) He then states that he "need's order for notary of documents by Joint Committee. [*sic*]" *Id.* at 3. Plaintiff's other requests for injunctive relief are similarly brief and none of them warrant the extraordinary remedy of preliminary injunctive relief.

Plaintiff also seeks a 60-day extension of time because he has not yet received from the Court the copies of court rules and laws that he requested in a prior motion. (Doc. 29.) Plaintiff's request for these documents was denied in an order dated May 4, 2026, as were Plaintiff's requests for assignment of a magistrate judge and his "demand" for current jury involvement. (*See* Doc. 24.) To the extent that Plaintiff renews these requests in his current motions, they are again denied for the reasons set forth in the previous order, a copy of which will be provided to Plaintiff.

Plaintiff also seeks through his motions to add claims and defendants to this case, some of which stem from events that appear to have happened just before Plaintiff filed the relevant motion. (Doc. 32, p. 1, Doc. 33, p. 1-2.) This type of piecemeal amending is not allowed and the requests

13

will be denied. Plaintiff should refrain from reporting grievances to the Court as they occur. Any grievances regarding Plaintiff's conditions of confinement must be exhausted through the prison's administrative grievance procedure and then brought in a newly filed civil rights action. If Plaintiff wishes to add claims to this case that have already been exhausted through the prison's administrative grievance procedure, he may include them in his third amended complaint in this case *only* if appropriate under Federal Rules of Civil Procedure 18 and 20.

Plaintiff also asks this Court to contact state and federal executive pardon attorneys on his behalf. (Doc. 32, p. 1.) This Court is not Plaintiff's advocate. *See Hall*, 935 F.2d at 1110 ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Plaintiff's request that the Court contact third parties on his behalf will be denied.

Finally, Plaintiff makes repeated requests for the appointment of "temporary A.D.A. assistance," at times saying he seeks this assistance both during screening and to move for summary judgment. (*See, e.g.*, Doc. 29.) Liberally construed, this request appears to seek the appointment of counsel to assist Plaintiff in this case.

There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if Plaintiff's request for counsel is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

14

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) the operative second amended complaint does not assert a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the request for counsel without prejudice to refiling if this matter survives screening.

## V.    Excessive Filing

Finally, the Court must address the volume and nature of Plaintiff's filings. Over the past 2 weeks, Plaintiff has filed more than 250 pages in this case. As stated above, the Court has read and carefully considered each page that Plaintiff has filed, some of which were duplicative. Doing so has unnecessarily consumed judicial resources and delayed the Court's ability to conduct the statutorily required screening of the second amended complaint.

The Case Opening Notice provided to Plaintiff in December 2025 when he began this case

advises: "Unless otherwise directed by the Court, you should refrain from filing any evidence, arguments, motions or documents until your case has been screened." It also states:

> Do not file a motion if you have another motion on the same subject matter already pending before the Court. Filing multiple motions requesting the same relief is a litigation tactic that strains the resources of the Court and generally delays a decision in the case. The Court may impose sanctions on parties who engage in such litigation tactics. Any duplicate motions may be summarily denied.

Despite these instructions, Plaintiff has filed multiple motions that are not relevant to the statutorily required and ongoing screening of this case, do not advance the progress of this case, and/or seek relief already sought in motions to the Court. (*See* Docs. 22, 25, 28, 29, 30, 31, and 33.) Plaintiff's excessive filing in this case is reaching the level of abusive litigation.

"'The right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). Rather, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted). Plaintiff has previously faced case-specific filing restrictions in this Court due to "repeatedly submitt[ing] materials that do not support a comprehensible claim for relief." *See Strader v. Kansas*, 2019 WL 5622439, *1 (D. Kan. Oct. 31, 2019) (unpublished). As Plaintiff is aware, "'[t]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests.'" *Strader v. Kansas*, 2023 WL 111924, *3 (D. Kan. Jan. 5, 2023) (unpublished) (citation omitted).

At this point in this case, the only filing the Court anticipates being filed by Plaintiff is a third amended complaint. Plaintiff is cautioned that if he continues to file repetitive and excessive motions in this case, the motions may be summarily denied and Plaintiff may be subject to filing restrictions.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **July 22, 2026**, to file a complete and proper third amended complaint that cures the deficiencies discussed in this order. Plaintiff is advised to carefully read this order in full before preparing and submitting a third amended complaint. The clerk is directed to send the required forms and instructions to Plaintiff so that he may file a third amended complaint. The clerk also is directed to send to Plaintiff a copy of the memorandum and order issued on May 4, 2026 (Doc. 24).

**IT IS FURTHER ORDERED** that Plaintiff's motions (**Docs. 28, 29, 31, 32, and 33)** are **denied** for the reasons set forth in this order.

**IT IS SO ORDERED.**

DATED:  This 22nd day of June, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge