**FILED**
**U.S. District Court**
**District of Kansas**
07/21/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JAMES C. STRADER,

     **Plaintiff,**

  v.            **CASE NO. 25-3260-JWL**

CITY CONFIDENTIAL, et al.,

     **Defendants.**

**MEMORANDUM AND ORDER**

On December 3, 2025, Plaintiff and state prisoner James C. Strader filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He has paid the filing fee in full. This matter comes now before the Court on Plaintiff's third amended complaint (Doc. 36), filed on July 16, 2026. The Court has conducted the statutorily required review of the third amended complaint and finds that it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Therefore, this matter will be dismissed.

The procedural history of this case is complicated and is set forth in detail in the Court's previous orders. (*See* Doc. 20, p. 1-4; Doc. 26, p. 1-2.) Similarly, the contents of Plaintiff's previously filed pleadings[1] are described in prior orders and the Court will not repeat those descriptions here. (*See* Doc. 7, p. 1-2 (summarizing initial complaint); Doc. 34, p. 4-7 (summarizing second amended complaint).) It is sufficient to say that the initial complaint was subject to dismissal in its entirety because it did not plausibly allege that any named defendant acted under color of state law and it failed to identify a federal or Constitutional right allegedly

---

[1] The order summarizing what the Court initially construed as the amended complaint (Doc. 13) was later vacated after Plaintiff corrected the Court's understanding of his filings.

violated by a named defendant, two requirement for stating a claim for relief under 42 U.S.C. § 1983,. (*See* Doc. 7, p. 4-7.) The second amended complaint was subject to dismissal because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure. (*See* Doc. 34, p. 7-8.) The Court also screened a pleading Plaintiff submitted after his second amended complaint that was titled "final draft." *See id.* at 2-3, 8. The "final draft" also failed to comply with Rule 8. *Id.* at 8.

In a memorandum and order explaining why neither the second amended complaint nor the "final draft" satisfied Rule 8's requirements, the Court "grant[ed] Plaintiff one final opportunity to file a complaint that complies with Rule 8 and states a plausible claim on which relief could be granted against a named Defendant." *Id.* at 9. Plaintiff was expressly cautioned that if he "fails to do so, this case will be dismissed without prejudice for failure to comply with Rule 8." *Id.* Plaintiff filed his third amended complaint on July 16, 2026. (Doc. 36.)

As a reminder, because Plaintiff proceeds pro se, the Court liberally construes the third amended complaint and applies "less stringent standards than [it applies to] formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although the Court accepts all well-pleaded factual allegations in the third amended complaint as true, *see Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006), it "will not supply additional factual allegations . . . or construct a legal theory on [P]laintiff's behalf," *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court previously explained to Plaintiff:

> Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (citation omitted).

> "[A]ll that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952 ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). A Rule 8 pleading is not the proper place for the plaintiff to plead all of the evidence or to fully argue the claims. *Swierkiewicz v Sorema N.A.,* 534 U.S. 506, 512–513, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002).

*Chavez*[*v. Huerfano Cnty.*], 195 F. App'x [728,] 729-30[ (10th Cir. 2006) (unpublished).

(Doc. 34, p. 7.)

Rule 8 "is designed to force plaintiffs 'to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Baker v. City of Loveland*, 686 F. Appx. 691, 620 (10th Cir. 2017) (unpublished) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)). "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). When a complaint is unnecessarily long or includes a lot of irrelevant information, it may "run afoul of Rule 8." *Baker*, 686 F. Appx. at 620 (citing *Mann*, 477 F.3d at 1148).

The third amended complaint and the attachments thereto consist of 59 pages. (Doc. 26.) The relevance of some pages included is unclear—for example, Plaintiff includes a printout of his disciplinary history while incarcerated by the Kansas Department of Corrections. *Id.* at 5-6. More than 50 defendants are identified on pages throughout the filing. *See, e.g.*, *id.* at 1, 4, 7-10, 13-14,

3

17-19, and 28. Similarly, several nonsequential pages appear to assert claims, but the numbering of the claims is inconsistent and the underlying facts for each claim are unclear. *See, e.g.*, *id.* at p. 2 (stating "Count XII"), 13 (stating "Count 22" and "Count 23"), 14 (including "Count 21").

Even liberally construing the third amended complaint, the Court cannot determine with any clarity the precise nature of Plaintiff's claims, the identities of all individuals or entities Plaintiff intends to name as defendants, which claims are brought against which defendants, or the supporting facts for each claim. And "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case." *Chavez*, 195 Fed. Appx. at 730. Accordingly, like the second amended complaint and the "final draft" of the second amended complaint, the third amended complaint fails to comply with Rule 8 and is subject to dismissal in its entirety.

Reviewing Plaintiff's complaints has "imposed a considerable burden" on the Court, *see Baker*, 686 F. Appx. at 620, and Plaintiff has not taken advantage of the opportunity already granted to submit a complaint that complies with Rule 8. Thus, the Court declines to allow Plaintiff the opportunity to further amend his complaint. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'").

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:  This 21st day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

4